



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable H. A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

> Opinion No. O-995
> Re: (1) Does the commissioners'
> court have legal authority to
> allow to the tax assessor-
> collector, expenses incurred
> by him in tax collecting trips
> in the county? (2) Does the
> commissioners' court have legal
> authority to allow the tax asses-
> sor-collector an expense charge
> for hauling a trailer in tax
> collecting trips?

Your letter of recent date, requesting the opin-
ion of this department on the above questions, has been re-
ceived.

Before discussing the specific statutes relating
to this subject, we are quoting Article 7181a, Vernon's Anno-
tated Civil Statutes, which reads:

> "Construction of 'assessor' and 'collector'
> Hereafter, whenever the words 'Assessor,' 'Asses-
> sor of Taxes,' 'Collector,' 'Collector of taxes,'
> or 'Tax Collector' are used, either in Articles
> 7151 to 7359, inclusive, of Title 122 of the 1925
> Revised Civil Statutes of Texas, including all
> amendments thereto, as well as the Revised Code
> of 1925, including all amendments, being known
> as the 1925 Revised Civil Statutes of Texas, same
> shall be applicable to and mean the one office
> or officer of Assessor and Collector of Taxes,
> and shall be so construed as to accomplish the
> object and intent and carry out the purpose of
> Sections 14 and 16 of Article 8, of the Texas Con-
> stitution, as the same was amended on November, 8,
> 1932. Acts 1933, 43rd. Leg., p. 598, ch. 197, § 5."

The authority for tax collecting tours in the county by the tax-assessor-collector is found in Article 7255, Vernon's Annotated Civil Statutes. This statute, as originally enacted by the Legislature, (Acts 1876, p. 260; General Laws, Vol. 8, p. 1096) read:

"Sec. 7. The Collector of Taxes shall begin the collection of the taxes of their respective counties annually on the first days of October, or so soon thereafter as he may be able to obtain the proper assessment rolls, books or date upon which to proceed with the business; and he shall post up notices, not less than three, at public places, in each voting or magistrate's precinct in his county, at least twenty days previous to the day said tax-payers are required to meet him for the purpose of paying their taxes, stating in said notice the times and places the same are required to be paid; and it shall be the duty of said Collector or his deputy to attend at such times and places for the purposes aforesaid, and shall remain at each place at least two days; provided, that if the Collector shall from any cause fail to meet the tax-payers at the time and place as provided for in the first notice, he shall, in like manner, give a second notice."

This statute was amended by the Forty-sixth Legislature, and now reads:

"Each Tax Collector shall begin the collection of taxes annually on the first day of October, or so soon thereafter as he may be able to obtain the proper assessment rolls, books, or data upon which to proceed with the business; and, when so ordered by the Commissioners Court of his county, he may post up notices — not less than three (3)— at public places in each voting or justice precinct in his county, at least twenty (20) days previous to the day said taxpayers are required to meet him for the purpose of paying their taxes, stating in said notice the times and places the same are required to be paid; and said Collector or his Deputy shall attend at such times and places for the purposes aforesaid, and shall remain at each place at least two (2) days. If the Collector from any cause shall fail to meet the taxpayers at the time and place specified in the first notice he shall in like manner give second notice."

Section 2, of the amended statute, reads:

"Section 2. Emergency. The fact that the law
now makes it mandatory for said notices to be given
and requires the tax assessor and collector to make
many unnecessary trips over the county for the pur-
pose of meeting with tax payers, and the fact that
modes of travel are now more accessible than when
this law was enacted so that it is now no inconven-
ience for the taxpayer to pay taxes at the court-
house or county seat of his county, creates an em-
ergency and an imperative public necessity * * *"

The effect of the statute, as originally enacted,
was to make it mandatory for the tax assessor-collector to
post the notices of his visits, and to make tax collecting
trips to each voting and justice precinct in the county.

We then ascertain the change wrought by the amend-
ment. At first blush it might seem that the amendment chang-
ed only the mandatory provision pertaining to the posting of
notices, leaving it still mandatory on the tax assessor—col-
lector to make such trips. A careful analysis of this amend-
ment, and the legislative intent, as expressed in the amend-
ment and in the emergency clause thereto, establishes the
effect of the amendment to be a removal of the mandatory pro-
vision of the statute, as originally enacted, pertaining to
tax collecting trips by the tax assessor-collector and the
placing of a discretionary power in the commissioners' court
of the county as to whether or not the tax assessor-collector
should be required to make such trips.

Our construction of the statute, as it now reads,
is as follows: First, the tax assessor-collector is not re-
quired to make tax collecting visits to the various voting
or justice precincts of the county unless ordered to do so
by the commissioners' court; second, the commissioners' court
of the county may order him to do so; and, third, if ordered
to do so by the commissioners' court, it is the duty of the
tax assessor-collector to comply with such order.

The question of the tax assessor-collector's expenses
incident to such trip, then arises. There is no statute author-
izing the commissioners' court to allow expenses to the tax
assessor-collector for such specific purposes. The allowance
of four cents (4¢) per mile traveling expense, mentioned in
your letter, under Article 3899, Section (b), Vernon's Annotated

Civil Statutes, applies only to sheriffs.

Article 3899, Section (b), supra, does however provide as follows:

> "Each officer named in this Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office * * *" (Emphasis ours)

This section of Article 3899 is applicable to Williamson County, a salary county, as recognized in your communication.

If, under Article 7255, supra, the commissioners' court should order the tax assessor-collector to make the tax collecting trips described in such statute, it is our opinion that the expenses incident thereto, would come within the quoted provision of Article 3899, Section (b), supra. Accordingly, the commissioners' court would be authorized to allow such expenses to the tax assessor-collector as were reasonable and necessary in complying with the order. The question of that which constitutes reasonable and necessary expenses, manifestly, is a question of fact, and is to be determined by the commissioners' court itself. In this connection, we point out that the statutes are silent as to the rate per mile, as traveling expense, allowable to a tax assessor-collector, while on official business.

You are, therefore, respectfully advised that it is the opinion of this department that the tax assessor-collector is entitled to allowances of actual and necessary expenses incurred by him while on tax collecting trips in the county, when ordered to do so by the commissioners' court of the county, and to such expenses only.

Moreover, it is the opinion of this department that the tax assessor-collector could not legally be allowed any expenses for tax collecting trips taken by him upon his own

initiative, and when not ordered to do so by the commissioners' court of the county.

We trust this answers your inquiry satisfactorily, and remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     Wm. J. Fanning
Assistant

ZCS:LM

By     Zollie C. Steakley

APPROVED NOV 17, 1939

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE